IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CEDRIC TUCKER, IDOC # B04297,** )
)
    **Plaintiff,** )
)
vs. ) CIVIL NO. 12-222-GPM
)
**NURSE STEVENSON, et al.,** )
)
    **Defendants.** )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

  Plaintiff Cedric Tucker, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Lawrence Correctional Center ("Lawrence"), brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law. Tucker's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Though a court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. However, the factual allegations of a pro se complaint are to be liberally construed. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Tucker's pro se complaint in this case, in February 2011 while Tucker was incarcerated in the Dixon Correctional Center, Tucker advised medical personnel at Dixon that he is allergic to a drug that Tucker calls "sulfamethoxzole."[1] In April 2011 Tucker was transferred to Lawrence. On September 9, 2011, Tucker was examined by Defendant Nurse Stevenson, an employee of Wexford Health Sources, Inc. ("Wexford"), who furnishes medical services to inmates at Lawrence pursuant to a contract between Wexford and the IDOC, for a urinary tract infection. Stevenson, who was unaware of Tucker's allergy to sulfamethoxzole, prescribed the drug to Tucker for his urinary tract infection, whereupon Tucker suffered an allergic reaction to the drug. Tucker was admitted to the health care unit ("HCU") at Lawrence for a twenty-four hour watch, and when the twenty-four hours were up, Defendant Dr. Fenoglio, like Stevenson a Wexford employee who furnishes medical services to

---

1. The Court's own independent research has not disclosed the existence of a drug called sulfamethoxzole.

Lawrence inmates on a contract basis, ordered Tucker to be released from the HCU, although Tucker was still suffering some nausea and itching as a result of his allergic reaction. On September 11, 2011, Tucker suffered an another allergic reaction to sulfamethoxzole. The same day, Fenoglio ordered Tucker re-admitted to the HCU at Lawrence, where Tucker spent ten days. Tucker wrote a grievance about the incident to an IDOC case worker supervisor, Defendant Mr. Volkman, who denied the grievance. Volkman's denial of Tucker's grievance subsequently was approved by Defendant Marc Hodge, the warden of Lawrence. Tucker then appealed from the denial of his grievance to the IDOC's administrative review board ("ARB"), whereupon Tucker's appeal was denied by Defendant Officer Johnson, an ARB member. Johnson's decision was approved by Defendant S. Godinez, the director of the IDOC. Tucker brings this action pursuant to 42 U.S.C. § 1983 for alleged deliberate indifference to his serious medical needs on the part of Stevenson, Fenoglio, Volkman, Hodge, Johnson, and Godinez, in violation of the Eighth Amendment.

      The Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated[.]" *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Correspondingly, "deliberate indifference to serious medical needs of prisoners" on the part of prison officials "constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). A prisoner raising an Eighth Amendment claim against a prison official for deliberate indifference to the prisoner's serious medical needs must satisfy two requirements. The first requirement compels the prisoner to satisfy an objective standard:

"[T]he deprivation alleged must be, objectively, 'sufficiently serious[.]'" *Farmer*, 511 U.S. at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Thus, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). The second requirement demands that the prisoner satisfy a subjective standard: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that amounts to "'deliberate indifference' to inmate health or safety[.]" *Id*. (quoting *Wilson*, 501 U.S. at 297). *See also Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Estelle*, 429 U.S. at 104) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"). "An objectively serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Zentmyer v. Kendall County, Ill*., 220 F.3d 805, 810 (7th Cir. 2000)) (internal citation omitted).

In the Seventh Circuit, "'deliberate indifference' . . . is merely a synonym for intentional or criminally reckless conduct," that is to say, "conduct 'that reflects complete indifference to risk – when the actor does not care whether the other person lives or dies, despite knowing that there is a significant risk of death.'" *Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991) (quoting *Archie v. City of Racine*, 847 F.2d 1211, 1219 (7th Cir. 1988)). *See also Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (quoting *Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998)) ("Deliberate indifference 'is more than negligence and approaches intentional wrongdoing' . . . . [D]eliberate indifference is 'essentially a criminal recklessness standard, that is, ignoring a known risk.'"); *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005)

(quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)) (a prison official's conduct "is 'deliberately indifferent' when the official has acted in an intentional or criminally reckless manner, *i.e.*, 'the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.'") (brackets and internal citation omitted).

Here the conduct alleged by Tucker clearly does not satisfy the demanding standard of deliberate indifference. Taking the facts pled in Tucker's complaint as true, a nurse at Lawrence, Stevenson, who, Tucker acknowledges in his complaint, was unaware of Tucker's allergy to sulfamethoxzole, accidentally prescribed the drug to him, provoking an allergic reaction. Fenoglio promptly put Tucker on a twenty-four watch in the HCU at Lawrence and, when the twenty-four hours were up, released Tucker frm the HCU, although Tucker was still displaying mild signs of an allergic reaction to sulfamethoxzole. When Tucker suffered a second allergic reaction to sulfamethoxzole, Fenoglio promptly put Tucker in the HCU at Lawrence for ten days. None of this shows deliberate indifference to Tucker's serious medical needs and instead amounts at most to negligence. However, "in the context of medical professionals, it is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Doughty*, 433 F.3d 1001, 1012-13 (7th Cir. 2006). *See also Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985) ("[N]egligence, evidenced by . . . simple inattention or inadvertence, may not form the basis for an eighth amendment claim."). Also, to find deliberate indifference, there must be "substantial indifference in the individual case, indicating more than mere negligent or isolated occurrences of neglect." *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997). Thus, "[a] finding that a defendant's neglect of a prisoner's condition

was an isolated occurrence, . . . or an isolated exception . . . to the defendant's overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference." *Id*. (quotation omitted).[2]

Finally, as to Tucker's claims against Volkman, Hodge, Johnson, and Godinez for rejecting grievances that Tucker filed concerning the allergic reactions he suffered at Lawrence, here too Tucker's claim for relief fails. There is, of course, a constitutional right to address complaints to state officials. *See Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). However, the right to petition the government for redress of grievances "does not require that a government official respond to the grievance." *Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Also, "a citizen's right to petition the government does not guarantee . . . the right to compel government officials to . . . adopt a citizen's views." *Webb v. Randle*, Civil No. 10-470-GPM, 2011 WL 678815, at *4 (S.D. Ill. Feb. 16, 2011) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)) (brackets omitted). The United States Court of Appeals for the Seventh Circuit specifically has held that a prison official's denial of a prisoner's grievances about the conditions of his or her confinement, even if wrongful, is not a basis for a claim under 42 U.S.C. § 1983. "Only persons who

---

2. The Court notes in passing Tucker's allegation that it was a violation of IDOC regulations for Fenoglio to release Tucker from the HCU at Lawrence while Tucker still was displaying signs of an allergic reaction. If true, this may be some evidence of negligence on the part of medical personnel at Lawrence but, as already has been discussed, mere medical negligence does not rise to the level of a deprivation of constitutional rights. In any event, it generally is not this Court's business to enforce the regulations of Illinois state agencies. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Lee v. Gardinez*, Civil No. 11-570-GPM, 2012 WL 143612, at *1 (S.D. Ill. Jan. 18, 2012) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984)). *See also Allison v. Snyder*, 332 F.3d 1076, 1078-79 (7th Cir. 2003) ("[T]he Constitution does not compel states to follow their own laws. Nor does it permit a federal court to enforce state laws directly.") (citations omitted).

cause or participate in the violations [of a prisoner's constitutional rights] are responsible [under Section 1983]. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (citations omitted). Thus, "[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *Id*. at 609-10. *See also Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights[.]"). In this case Tucker alleges merely that Volkman, Hodge, Johnson, and Godinez rejected Tucker's administrative complaints about completed acts of supposed misconduct directed against Tucker while incarcerated at Lawrence. This does not rise to the level of a violation of Tucker's constitutional rights. Accordingly, Tucker's claims against Volkman, Hodge, Johnson, and Godinez based on allegedly wrongful denials of Tucker's grievances will be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that the complaint in this case is frivolous, and therefore this action is **DISMISSED with prejudice**. Tucker is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: March 15, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge